LOTTINGER, Judge.
This is a suit for damages for the alleged wrongful cutting of timber and damages to the land. From a judgment in favor of defendants, plaintiff has appealed.
Plaintiff, William H. Davis, alleging he is the owner of a certain 2.06 acre plot of ground, known as the “old mill site” situated in § 12, T 2 S, R 13 E, Washington, Louisiana, contends that the defendant, Crown Zellerbach Corporation (Crown), while cutting timber on property of the defendant, Robert Stallings, crossed the common boundary line between plaintiff and Stallings, and wrongfully cut timber on plaintiff’s land, as well as doing damage to the land. Crown third partied Stallings, the alleged owner of the disputed property, under the timber contract wherein Stallings warranted title to the timber and agreed to hold Crown harmless. In addition, Stall-ings called the Estate of Nancy v. Boyet, his ancestor in title in warranty. At issue is the ownership of the 2.06 acre plot.
In written reasons for judgment the Trial Court found:
“The defendant’s title to the ‘old mill site’ emanates from a tax deed from the estate of W. H. Bailey to Walter Green executed in 1917. From this tax deed to present there is a continuous chain of record title resulting in defendant’s present ownership. This tax deed has not been attacked and is presumed to be valid. Apparently, clear record title rests in the defendant, Robert Stallings, pursuant to the unassailed tax sale.
“The plaintiff’s immediate ancestor in title obtained the mill site in a foreclosure in 1935. At the time the mortgage that resulted in this foreclosure was filed, August 23, 1922, the mill site property did not belong to the mortgagor. The tax sale in. 1917 had placed the property in the defendant’s chain of title.”
Relying on Pope v. Daniel, 195 So. 59, 60 (La.App. 1st Cir. 1940) wherein this Court said:
“As against a mere trespasser or one who claims no title in himself, the plaintiff is not required to prove a title good against the world in order to recover damages for a trespass on the land. A prima facie title is sufficient, [citations omitted]. But as already stated, where the defendant sets up a title to the land on which the timber was cut, it is incumbent on the plaintiff to prove a title to the land superior to that set up by the defendant claiming ownership of the land from which he admits cutting the timber, [citations omitted].”
the Trial Judge found in favor of defendants.
The plaintiff-appellant contends that the Trial Court erred in not going before the 1917 deed executed from the Estate of W. H. Bailey to Walter Green, in *835 not examining the deeds in question, the testimony of the abstractor, and in not giving weight to the fact that there were obviously two “mill sites” in the various deeds.
It was brought out in the testimony that in the late nineteenth century the conveyance records of Washington Parish were destroyed by fire, and thus proof of any conveyances contained therein by use of the conveyance records is impossible. It is apparent to this Court that the Trial Judge examined all of the acts of sale filed into evidence and was convinced that the defendant had proved a better title than the plaintiff. We find no error on the part of the Trial Judge.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed; all costs to be paid by appellant.
AFFIRMED.